IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA      )
                              )
            v.                )      CR. NO. 3:08-cr-189-MHT
                              )
BRADLEY WAYNE STOKES          )
                              )

### SENTENCING AGREEMENT

Matthew W. Shepherd, Assistant United States Attorney,
Kenneth E. Davis, District Attorney for the Twenty-Sixth Judicial
Circuit of Alabama, Kevin Butler, attorney for the defendant in
the pending federal court charges, and Susan James, attorney for
the defendant in the pending state court charges, have, with the
authorization of the undersigned defendant, heretofore entered
into discussions with a view towards resolving objections to the
presentence investigation report, to reaching agreement on a
proposed sentence in this case, and to resolving the pending
state charges against the defendant related to the death of
Crystal Bailey. An agreement has been reached by the parties
pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and
each has party has signed below indicating agreement with the
following terms:

1. The United States and the defendant agree that the un-
objected to facts in the presentence investigation report and the
previously filed Joint Stipulations of the Parties support a
finding by the Court by a preponderance of the evidence that the

defendant possessed a firearm in connection with the commission of another offense that resulted in the death of Crystal Bailey. Pursuant to U.S.S.G. § 2K2.1(c)(1)(B), the United States and the defendant agree that a cross-reference to the most analogous homicide guideline applies. The United States and the defendant agree that the most analogous homicide guideline that should be applied to calculate the defendant's offense level is U.S.S.G. § 2A1.2, Second Degree Murder;

2. The United States and the defendant agree not to object to the application of the Second Degree Murder guideline;

3. Based on the application of the Second Degree Murder guideline, the United States and the defendant agree that the defendant's Criminal History Category is II, that the offense level after a reduction for acceptance of responsibility is 35, and that the advisory sentencing guidelines range is 188-235 months imprisonment;

4. Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), the United States and the defendant agree to a sentence of 200 months imprisonment to be run concurrently with the sentence the defendant receives in state court for Manslaughter in case number _____ in the Circuit Court of Russell County, Alabama. Should the Court choose to reject this agreement or sentence the defendant to a sentence other than 200 months imprisonment, both the United States and the defendant are then released from this agreement; may raise any objections to

2

the facts or calculation of the sentencing guidelines range; and may recommend any lawful sentence;

5.   The defendant agrees to plead guilty to Manslaughter, in violation of Ala. Code 1975, Section 13A-6-3, in connection with the death of Crystal Bailey, in the Circuit Court of Russell County, Alabama, in the case of Alabama v. Bradley Stokes, case number _____;

6.   The District Attorney for the 26th Judicial Circuit agrees that upon acceptance of the defendant's plea of guilty to Manslaughter, the State of Alabama will not proceed with prosecution of the defendant for Murder or Capital Murder in the death of Crystal Bailey.  Upon acceptance of the defendant's plea of guilty to Manslaughter, the District Attorney for the 26th Judicial District and the defendant, Bradley Stokes, agree to a sentence of imprisonment of 170 months, to run concurrently with the defendant's federal sentence.  The District Attorney for the 26th Judicial District and the defendant Bradley Stokes agree to enter into a separate written plea agreement to be filed in the Circuit Court of Russell County, Alabama regarding the agreed upon sentence and plea;

7.   Should the defendant fail to plead guilty to Manslaughter in connection with the death of Crystal Bailey or if the defendant violates this agreement in any way, the State of Alabama shall be free to prosecute the defendant for any crime related to the death of Crystal Bailey, including Murder or

3

Capital Murder, and any sentence may be ordered to run consecutively to his federal sentence.

8. All parties agree that upon completion of sentencing in federal court in this case, the defendant shall be transferred as soon as possible to state custody to enter his plea of guilty to Manslaughter and to be sentenced. All parties agree to file all necessary paperwork as expeditiously as possible to accomplish this.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Date

_____
Matthew W. Shepherd
Assistant United States Attorney
PO Box 197
Montgomery, Alabama 36101-0197

_____
Date

_____
KENNETH E. DAVIS
DISTRICT ATTORNEY
Twenty-Sixth Judicial Circuit
Russell County, Alabama
PO Box 939
Phenix City, Alabama 36868-0939

I, Bradley Wayne Stokes, having read the foregoing Sentencing Agreement, understand, and agree to its terms. I am satisfied

4

that I have received competent advice and counsel from my federal
defense counsel, Kevin Butler, and have also consulted with my
attorney for any state charges, Susan James.


6-4-10
Date

BRADLEY WAYNE STOKES
DEFENDANT


6/7/10
Date

KEVIN BUTLER
Attorney for the Defendant


June 4, 2010
Date

SUSAN JAMES
Attorney for the Defendant

5